IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.   CRIMINAL ACTION NO. 4:18-cr-96

DAVID LAMONT BROWN, JR.,

      Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Ja'Varis J. Lofton's ("Petitioner") *pro se* Petition to Assert Ownership in Forfeited Property that was forfeited in the prosecution of the above-captioned case. ECF No. 30. For the following reasons, Petitioner's Petition is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

During the prosecution of the above-captioned case, David Lamont Brown ("Defendant") entered into a plea agreement to resolve the charges against him. *See* ECF Nos. 15–18. As part of Defendant's guilty plea, he agreed to forfeit a Glock Model 17, 9mm caliber semi-automatic pistol, serial number VUL402 ("the firearm") and ammunition and magazines that were recovered from him on May 13, 2018. ECF No. 20 at ¶ 1b.

On January 27, 2020 Petitioner filed his *pro se* Petition to Assert Ownership in Forfeited Property ("the Petition"). ECF No. 30. On February 20, 2020, the Court ordered the Government to respond to the Petition. ECF No. 31. The Government filed its response on March 17, 2020. ECF No. 32. Petitioner did not file a reply to the Government's response, which was due on April 6, 2020. As such, this matter is ripe for disposition.

1

## II. LEGAL STANDARD

After property is seized pursuant to the preliminary forfeiture order, any third party who claims an interest in the property to be forfeited may file a petition with the district court contesting the forfeiture. FED. R. CRIM. P. 32.2. The district court considers this petition in an ancillary proceeding. *Id.* The preliminary order of forfeiture cannot become final until after the ancillary proceeding concludes. *Id.* at 32.2(b)(4)(A). The district court must first consider any motion by the United States to dismiss the petition for lack of standing before moving to the merits of the petition. *Id.* at 32.2(c)(1)(A), (B). "When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." *Id.* at 32.2(c)(2).

The standard by which the district court is to evaluate a petition by a third party at an ancillary proceeding is found in 21 U.S.C. § 853(n). The district court "shall amend the [preliminary] order of forfeiture" if it "determines that the petitioner has established by a preponderance of the evidence that ... the petitioner has a legal right, title, or interest in the property ... [that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section." 21 U.S.C. § 853(n)(6).

In sum, the ancillary proceeding consists of the following four steps: (1) a petitioner files a petition asking to be heard; (2) the district court considers any motions to dismiss filed by the United States; (3) if the district court denies those motions, it determines whether the petitioner has proven by a preponderance of the evidence that its interest was either vested or superior to the defendant's interest at the time the acts giving rise to forfeiture occurred; and (4) if the district court concludes that the petitioner has carried its burden, the district court amends the

forfeiture order as needed to account for that interest. *United States v. Oregon*, 671 F.3d 484, 488 (4th Cir. 2012).

### III. DISCUSSION

In his filing, Petitioner requests the return of the firearm and the accompanying magazines. Though Petitioner mentions that ammunition was also stolen from him in Defendant's commission of his crimes, his request is limited to the return of the firearm. ECF No. 30 ("I would like to take ownership back of such firearm containing serial number VUL402"). The Government notes the following technical defects in the Petition: (1) the circumstances of Petitioner's acquisition of the firearm are not mentioned; and (2) Petitioner did not sign his petition under penalty of perjury. *See* 21 U.S.C. § 853(n)(3) (outlining the requirements for a petition to assert ownership over forfeited property). However, the Government does not seek dismissal of the Petition and brings forth evidence that Petitioner is the rightful owner of the firearm and the accompanying magazines. These facts satisfy the first two steps outlined in *Oregon*. 671 F.3d at 488; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) *citing* FED. R. CIV. P. 8(f) ("a *pro se* [filing], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

Based on the parties' filings, the Court makes the following additional factual findings: (1) Petitioner lawfully purchased the firearm from Bob's Gun Shop, a federal firearm licensee on February 26, 2015; (2) the firearm was subsequently stolen from Petitioner's home by Defendant; (3) Petitioner reported the theft of his firearm to the police near the time it was stolen; and (4) Petitioner is not presently barred from possessing a firearm. ECF No. 32 at 4 (outlining the Government's verification of Petitioner's factual claims). Therefore, Petitioner is entitled to the return of the firearm and accompanying magazines, pursuant to § 853(n)(6)(A).

## IV. CONCLUSION

Based on the foregoing, the Petition is **GRANTED**. The final forfeiture order will be amended to recognize the superiority of Petitioner's ownership interest in the firearm and accompanying magazines over the ownership interests of the Defendant and the Government.

The Court **DIRECTS** the Clerk to provide copies of this Order to Petitioner and the United States Attorney.

**IT IS SO ORDERED.**

Newport News, Virginia

April 20, 2020

_____
United States District Judge