IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



DAVID LAMONT BROWN, JR.,

Petitioner,

v.

CRIMINAL NO. 4:18-cr-96

UNITED STATES OF AMERICA,

Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is David Lamont Brown, Jr.'s ("Petitioner") *pro se* letter Motion Requesting Compassionate Release pursuant to 18 U.S.C. § 3582(c). ECF No. 35.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 22, 2017, Petitioner was found in possession of a firearm during a traffic stop in Newport News, Virginia after he had been previously convicted of a felony. ECF No. 38 at ¶ 4. On December 10, 2018, Petitioner was the sole defendant named in a two-count Indictment. ECF No. 1. On March 27, 2019, Petitioner pleaded guilty to Count 2, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 15–18. On July 10, 2019, Petitioner was sentenced to a term of 50 months. ECF Nos. 27–29.

Petitioner filed his *pro se* letter Motion Requesting Compassionate Release on April 23, 2020. ECF No. 35. The Court ordered the appropriate responses on May 1, 2020. ECF No. 36. Petitioner, through counsel, responded to the Court's order on May 18, 2020. ECF Nos. 40–42. The Government filed its opposition to Petitioner's Motion on May 28, 2020. ECF No. 46.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.*; *see also Poulios v. United States*, 2020 WL 1922775 (E.D. Va. Apr. 21, 2020) (detailing the circumstances under which the exhaustion requirement may be waived).

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was

severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

Petitioner submitted his administrative request for compassionate release to the warden at USP Hazelton on April 10, 2020. ECF No. 42 at 7. Therefore, Petitioner has satisfied the exhaustion requirement within § 3582(c)(1)(A) based on the Court's finding that 30 days have elapsed since Petitioner filed his administrative request for compassionate release with the BOP.

### B. Resolution of the Defendant's Request for Compassionate Release

In evaluating the § 3553(a) factors that have evolved since the original sentencing, the Court notes that Petitioner is now 28 years old. ECF No. 38 at 2. He has a history of high blood pressure, obesity, and injuries from gunshot wounds and a car accident. ECF No. 38 at ¶¶ 51–53 (documenting that Petitioner is 5'6" and weighed 270 pounds at sentencing, had untreated high blood pressure, and noting the aforementioned physical injuries). At the original sentencing, the Court cited Petitioner's long history of suspended sentences in previous cases, implicating the need for specific deterrence. 18 U.S.C. § 3553(a)(2)(B); ECF No. 44 at 12 ("You are not getting a suspended sentence [in federal court]…the more you come back, the longer the sentence will be."). The Court also discussed Petitioner's need to obtain educational and vocational skills and stay away from firearms. 18 U.S.C. § 3553(a)(2)(A) ("the need…to reflect the seriousness of the offense"); *id.* § 3553(a)(2)(D) ("the need…to provide the defendant with educational or vocational training"). The record reflects that Petitioner has not completed the requirements to obtain a GED and has been getting needed mental health treatment, though each of these endeavors have been interrupted by the COVID-19 pandemic. ECF No. 42-3; ECF No. 44 at 13; ECF No. 42-6 at 2. In sum, Petitioner's record shows that the purposes of his original sentence remain incomplete.

In evaluating whether Petitioner has presented an "extraordinary and compelling reason" for a sentence reduction, the Court considers the severity of the ongoing COVID-19 outbreak in the BOP. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Further, Petitioner offers his obesity, high blood pressure, vitamin D deficiency, and preexisting

physical injuries as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 42 at 14–17.

At 28 years old, Petitioner is "substantially younger than many of those who have been granted compassionate release for [underlying] conditions during the pandemic." *United States v. Belle*, 2020 WL 2129412, at *5 (D. Conn. May 5, 2020) (denying a 26-year-old asthmatic's motion for compassionate release). More importantly, Petitioner's proffered underlying conditions are not of the requisite severity to warrant compassionate release. In fact, the record demonstrates that Petitioner's weight and blood pressure have actually improved during his time in BOP custody. Since the preparation of his presentence report, Petitioner's weight has decreased from 270 pounds to 226 pounds. ECF No. 38 at ¶ 51; ECF No. 42-7 at 26. Additionally, Petitioner's most recent blood pressure reading on February 14, 2020 was within a normal range and much lower than previous readings. ECF No. 42-7 at 3. These facts indicate that Petitioner's weight and blood pressure—in combination with his youth—are not unmanageable comorbidities. Further, Petitioner's vitamin D deficiency was discovered while in BOP custody and he is receiving medication for this condition. *Id.* at 40; *see also Jones v. Iko*, 2015 WL 6707494, at *1–*2 (E.D. Ark. June 24, 2015) (noting that vitamin D deficiency is effectively treated with a daily multivitamin). Finally, there is no indication that the physical injuries Petitioner suffered in his car accident or from his gunshot wounds are having an ongoing negative impact on his cardiopulmonary system. *Id.* at 60 (documenting a normal cardiac silhouette, clear lungs, and normal sinus functioning). Based on the foregoing, the Court finds no extraordinary and compelling reason to modify Petitioner's sentence, as there is insufficient evidence to support the conclusion that he is particularly susceptible to COVID-19.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 12, 2020

Raymond A. Jackson
United States District Judge

UNITED STATES DISTRICT JUDGE